SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
NATHANIEL P. BRUNO, Cal. Bar No. 228118
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-Mail:       ccardon@sheppardmullin.com
              nbruno@sheppardmullin.com

Attorneys for Defendant
PETER LANG PUBLISHING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT and SUZANNE HARVEY, husband and wife; THE ROBERT J. AND SUZANNE R. HARVEY FAMILY TRUST OF 1997, a California trust;<br><br>Plaintiffs,<br><br>v.<br><br>PETER LANG PUBLISHING INC., a New York corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Action No. 3:09-cv-01391-JSW<br><br>**DECLARATION OF W. HUBERT PLUMMER IN SUPPORT OF DEFENDANT PETER LANG PUBLISHING, INC.'S MOTION TO SET ASIDE ENTRY OF DEFAULT** |

-1-

# DECLARATION OF W. HUBERT PLUMMER

I, W. Hubert Plummer, declare as follows:

1. I am an attorney admitted to practice in the state of New York. I am a partner of the law firm Plummer & Plummer, LLP and counsel to Peter Lang Publishing, Inc. ("Peter Lang"), the named Defendant in this action. I am over twenty-one years of age and not under any legal disability. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. At 9:49 p.m. on May 18, 2009, Christopher S. Myers, Managing Director of Peter Lang, forwarded a copy of the Summons and Complaint in this action along with Notice of the Entry of Default to my office.

3. At around the commencement of business California time (PDT) on May 19, 2009, I telephoned D. Alexander Floum, Plaintiffs' counsel, and introduced myself as counsel for Peter Lang. I suggested to Mr. Floum that this was not a matter that justified the expense of litigation by either party, because the assertion in the Complaint that Peter Lang had published the book title which was the subject of the Complaint was not true. I offered to provide Mr. Floum with whatever information was necessary to satisfy his clients that their allegations were not correct. I further told him that the WorldCat search report attached to the Complaint as part of Exhibit B indicating that "Virtual reality and the college freshman: all our friends are eighteen" published by Peter Lang Publishing, Inc. was available in the Chicago Public Library had been investigated and that we had received written confirmation from the Chicago Public Library that the listing in WorldCat was in error and that the Chicago Public Library does not own "Virtual Reality and the College Freshman." I also advised Mr. Floum that the allegation in Plaintiffs' pleading that his client had never entered into a contract with Peter Lang Publishing, Inc. was also in error, and that ten years ago a contract between Peter Lang Publishing, Inc. and Plaintiffs had been entered into pursuant to which Plaintiffs had paid preliminary expenses of Three Hundred Dollars ($300.00) and that, subsequently, the contract had been cancelled without any action on the part of Peter

1  Lang Publishing, Inc. that would have resulted in the publication of the book. I offered to provide
2  Mr. Floum whatever evidence he or his client required to verify those representations. Mr. Floum
3  told me he would discuss the matter with his clients and get back to me.

4.  In that same conversation on May 19, 2009, I further explained to Mr. Floum that his clients' execution of a contract with Peter Lang was confirmed by Peter Lang's filing with the Library of Congress for an International Standard Book Number ("ISBN") for the potential publication, and that the Distributor websites referred to in the attachments to Plaintiffs' pleading listing Peter Lang as publisher were extracts from the Library of Congress database and did not evince that the book was actually published by Peter Lang. I also explained that these facts were further confirmed by his clients' filing for an ISBN number for the book as a self-published book after the cancellation of the contract with Peter Lang.

5.  I did not hear further from Mr. Floum before the Memorial Day holiday (May 25, 2009), but received a copy of a Notice from our client that a motion was being made to enter default judgment against Peter Lang. I called Mr. Floum at approximately 12:30 p.m. New York Time (EDT) on May 26, 2009. His office advised me that he was not available, and I left a message on his voicemail indicating I was following up on our discussion about settling this matter before the necessity of Peter Lang retaining local counsel in California. I did not receive a return call, and at approximately 4:30 p.m. New York time (EDT) on May 26, 2009, I called Mr. Floum again and was again advised that he was not available. I left a further voicemail message asking for him to call me. Since that date I have not had any response from Mr. Floum, and as a result I have been required to refer the matter to California counsel.

1 | I declare under penalty of perjury under the laws of the United States that the foregoing is
2 | true and correct and that this Declaration was executed in HAUPPAUGE NY, [city, state]
3 | on June 8, 2009.

By _____
W. Hubert Plummer

-4-

W02-WEST:6NB1\401575965.2

Civil Action No. 3:09-cv-01391-JSW

DECLARATION OF W. HUBERT PLUMMER IN
SUPPORT OF DEFENDANT'S MOTION TO SET
ASIDE ENTRY OF DEFAULT