**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HARVEY, et al., | No. 09-01391 JSW |
| Plaintiffs, | |
| v. | **ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| PETER LANG PUBLISHING, INC., | |
| Defendant. | |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Set Aside Entry of Default filed by Defendant Peter Lang Publishing, Inc. Having considered the parties' papers, relevant legal authority, and the record in this case, and good cause appearing, the Court HEREBY VACATES the hearing set for August 14, 2009, and HEREBY GRANTS the motion.

**BACKGROUND**

On March 30, 2009, Plaintiffs filed their original complaint against Peter Lang Publishing, Inc. (Docket No. 1.) Service was effected on or about April 8, 2009. (Docket No. 7.) On April 21, 2009, Plaintiffs filed a First Amended Complaint. (Docket No. 6.) Service of the First Amended Complaint was effected on or about April 22, 2009. (Docket No. 8.) It is undisputed that Defendant did not file an answer within the time required by the Federal Rules of Civil Procedure.

Defendant contends that on or about April 9, 2009, it contacted Plaintiffs' counsel to discuss the lawsuit and that it advised Plaintiffs' counsel why it believed their claims had no

merit. (*See* Declaration of Christopher S. Meyers ("Meyers Decl."), ¶¶ 3-8.) According to Defendant, Plaintiffs' counsel stated that he would speak to his clients and contact Defendant after he had done so. (*Id.*, ¶ 9.) Defendant contends that when it did not hear from Plaintiff's counsel, it sent several written communications to follow up on the initial discussions, and believed that no action would be required until the parties spoke again. (*Id.*, ¶¶ 10-11, 13.) Plaintiffs' counsel attests that he did not say anything to Defendant that would indicate Plaintiffs would delay seeking entry of default. (Declaration of D. Alexander Floum ("Floum Decl."), ¶¶ 4-5.)[1]

On May 13, 2009, Plaintiffs filed a request for entry of default, which was granted on May 14, 2009. (Docket Nos. 10, 11.) Plaintiffs notified Defendant of that fact on or about May 18, 2009. Defendant's counsel then called Plaintiffs counsel in a continued attempt to resolve the matter. (Meyers Decl., ¶ 14; Declaration of W. Hubert Plummer, ¶¶ 1-4.) Those discussions were not fruitful, and Defendants contends that Plaintiffs advised it that they would be preparing a motion for default judgment. (*Id.*, ¶ 5.) Defendant retained local counsel and filed the instant motion to vacate default on June 18, 2009.

## ANALYSIS

**A.   Applicable Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown the court may set aside the entry of default." The Court's discretion in determining whether to set aside the entry of default, as opposed to the entry of default judgment, is "especially broad." *Brady v. United States*, 211 F.3d 499, 504 (9th Cir. 2000). In general, there is a strong preference for resolving cases on their merits. *See, e.g., TCI Group Life Ins. Plan v. Knoebber ("TCI")*, 244 F.3d 691, 696 (9th Cir. 2001) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

Factors that the Court may consider in determining whether a defendant has shown good cause to set aside a default are: whether the defendant's conduct was culpable; whether the

---

[1] Defendant objects to much of the evidence submitted in support of Plaintiffs' opposition. Defendant's objections to paragraphs 4 and 5 of the Floum Declaration are overruled. Because the Court has not relied on the remainder of the evidence to resolve this motion, the Court does not reach the remaining objections.

2

1 defendant has a meritorious defense; or whether the plaintiff would be prejudiced by vacating
2 the entry of default. *See, e.g., TCI*, 244 F.3d at 696 (considering vacating entry of default
3 pursuant to Federal Rule of Civil Procedure 60(b), but noting that factors re "good cause"
4 standard under Rule 55(c) are same). Defendant bears the burden of establishing that these
5 factors weigh in favor of vacating the default. *Id.*

**B.     Defendant Has Established Good Cause to Vacate the Entry of Default.**

      **1.     Defendant's conduct was not culpable.**

A party's conduct can be considered culpable if he, or she, "has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI*, 244 F.3d at 697 (emphasis in original). In *TCI,* however, the Ninth Circuit has made clear that a lack of "culpable conduct" is essentially the equivalent of excusable neglect. Thus, if the defaulting party comes forth with a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," his or her conduct is excusable, not culpable. *Id.* at 697-98; *see also id.* at 698 ("'culpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings'") (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989)).

In this case, Defendant contends that it believed the parties were engaged in informal discussions to resolve the matter and that it would hear from Plaintiffs' counsel again before any further action was taken. Plaintiffs dispute that the parties were engaged in settlement negotiations. Although the prudent course of action might have been to file an answer while attempting to resolve the matter informally, there is no evidence in the record that Defendant was attempting to take advantage of Plaintiffs, interfere with this Court's decision making, or manipulate the legal process. As such, the Court concludes that Defendant's conduct in failing to timely respond to the Complaint was not culpable.

      **2.     Defendant has put forth sufficient evidence of a meritorious defense.**

With respect to the question of a meritorious defense, "[t]he underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be

contrary to the result achieved by the default." *Hawaii Carpenters Trust Fund v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (affirming denial of motion to set aside entry of default where there was no showing of meritorious defense). Defendant has submitted declarations in support of its motion that establish that it has a colorable defense to Plaintiffs' claims.

### 3. Plaintiffs would not be prejudiced by vacating entry of default.

"To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case. Rather 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *TCI,* 244 F.3d at 701 (quoting *Falk,* 739 F.2d at 463). For example, a court could find prejudice if there was a loss of evidence or increased difficulties in obtaining discovery. *Id.* Plaintiffs argue in opposition that "setting aside the default may also very well cause third party evidence to disappear and witnesses to become unavailable due to the passage of time." (Opp. Br. at 9:8-10.) Plaintiffs, however, offer no evidence to that effect nor do they submit any details of the nature of such third party evidence or witnesses. The Court acknowledges Plaintiffs' statements regarding their age and health, however as set forth above, prejudice requires harm beyond merely a delay in resolution of the case. *TCI*, 244 F.3d at 701. Given the early stages of this litigation and the strong preference for resolving cases on their merits, the Court finds that no prejudice would result from vacating the entry of default.

## CONCLUSION

Accordingly, the Court finds good cause to vacate the entry of default and GRANTS Defendant's motion. Defendant shall answer or otherwise respond to the First Amended Complaint by no later than July 23, 2009. It is FURTHER ORDERED that the parties shall appear for a case management conference on Friday, August 14, 2009 at 1:30 p.m. The parties' joint case management conference statement shall be due by no later than August 7, 2009.

**IT IS SO ORDERED.**

Dated: July 9, 2009

JEFFREY S. WHITE  
UNITED STATES DISTRICT JUDGE